# IN THE SUPREME COURT OF TENNESSEE
## AT KNOXVILLE
### January 3, 2013 Session

## CRISTY IRENE FAIR v. STEPHEN LYNN COCHRAN

**Appeal by Permission from the Court of Appeals, Eastern Section**
**Circuit Court for Knox County**
**No. 162409      Dale C. Workman, Judge**

**No. E2011-00831-SC-R11-CV - Filed September 12, 2013**

JANICE M. HOLDER, J., concurring.

I concur in the majority's conclusion that failure to return proof of service does not render commencement ineffective to toll the statute of limitations under Rule 3. I write separately, however, to address the majority's failure to construe Rule 4.03(1), which states that a plaintiff "shall promptly make proof of service." See Tenn. R. Civ. P. 4.03(1) (2012). Although the majority provides a brief historical perspective of companion Rules 3 and 4.03, including significant changes in the return of proof of service requirements of both rules, the majority relies almost entirely on Rule 3 to conclude that Ms. Fair's failure to promptly return proof of service did not affect the commencement of her action.

The majority reasons that because "Rule 4.03(1) does not state that promptly returning proof of service to the court is necessary to accomplish service," failure to return proof of service is immaterial, effectively rendering Rule 4.03(1) meaningless. This conclusion would be appropriate if the language of Rule 4.03(1) more closely tracked its federal counterpart, which states that although proof of service is required, "[f]ailure to prove service does not affect the validity of service." See Fed. R. Civ. P. 4(l)(3) (2012). Tennessee Rule 4.03(1), however, lacks such a provision and, in my view, should be analyzed in light of its current language. Because the majority leaves this issue unresolved, I am unable to concur in the majority opinion.

_____
JANICE M. HOLDER, JUSTICE